IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Valyrian IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Alaska Communications Systems Group, Inc.,**<br><br>Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Valyrian IP LLC ("Plaintiff"), through its attorneys, complains of Alaska Communications Systems Group, Inc. ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff Valyrian IP LLC is a company established in Texas with its principal place of business at 6009 W Parker Rd, Ste 149 - 1012, Plano, TX 75093.

2. Defendant Alaska Communications Systems Group, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 600 Telephone Ave Stop 65, Anchorage, AK 99503.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's

state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,970,706 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '706 PATENT

8. The '706 Patent is entitled ""Hierarchical Call Control with Selective Broadcast Audio Messaging System" and issued November 29, 2005. The application leading to the '706 Patent was filed on December 5, 2000. A true and correct copy of the '706 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '706 Patent is valid and enforceable.

10. The present invention relates to personal telephone systems that are able to transmit and receive digital signals between fixed sets and fixed stations in a cordless system. (*See* Ex. 1, at 1:8-10.) More particularly, the present invention relates to providing a hierarchical call control with a selective broadcast messaging service in a cordless telephone system. (*See* Ex. 1 at 1:11- 13.)

11. Time division multiple access (TDMA) cordless phone systems provide a base unit that is able to provide connections for a plurality of mobile units, such as handsets. (*See* Ex. 1 at 1:16-18.) Such TDMA systems use time division to provide a plurality of slots, where the base (fixed part) transmits to an individual (portable unit) mobile unit during a particular slot of time and receives from the individual mobile unit during a particular slot of time. (*See* Ex. 1 at 1:19-23.)

12. At the time of the inventions, there was a lack of capability to simultaneously send a voice message to all mobile units associated with a base unit. (*See* Ex. 1 at 1:39-42.) Since conventional cordless telephone systems did not provide a broadcast mode, it was impossible for a base station to send a call from an identified caller to only a specific mobile unit. (*See* Ex. 1 at 1:49- 52.) Conventional cordless systems were also incapable of broadcasting a message deemed to be an important message to all, or even a selected group, of mobile units. (*See* Ex. 1 at 1:52-55.)

13. The inventions disclosed in the Patents-in-Suit were not well-understood, routine, or conventional. At the time the Patent-in-Suit was filed, there existed various problems in how mobile communications devices processed environmental inputs. In a cordless phone system having a base station and a plurality of mobile units, it is desirable to provide a mechanism whereby an identified call is sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only selected mobile units. (*See* Ex. 1 at 1:56-62.)

14. To achieve the foregoing and other objectives and in accordance with the purpose of the present invention, a method for providing a hierarchical call control paradigm in a cordless telephone system is described. (*See* Ex. 1 at 1:66-2:2). The inventive hierarchical

call control directs and controls incoming calls depending on the phone number or settings that the customer programs into the system, e.g., that he or she does not want to be disturbed by broadcasts. (*See* Ex. 1 at 2:2-6.)

15. The claims of the Patent-in-Suit do not merely recite the performance of a familiar business practice with a requirement to perform it on the Internet. Instead, the claims recite one or more inventive concepts that are rooted in computerized electronic data communications networks and an improved method for managing mobile device communications.

16. Moreover, the inventions taught in the Patent-in-Suit cannot be performed with pen and paper or in the human mind. Indeed, they are rooted in providing a mechanism whereby an identified call is sent only to a specified mobile unit whereas an important call is broadcast to most of the mobile units and a mechanism whereby a broadcast message is delivered to only Selected mobile units. One of ordinary skill in the art at the time of the patent would have understood that the inventions could not be performed with pen and paper. Using a pen and paper would be a practical impossibility running counter to the inventors' detailed description of the inventions and language of the claims. Additionally, because the Patent-in-Suit addresses problems rooted in limiting mobile device communication by aggregating information from mobile device sensors and/or other information sources, the solutions it teaches are not merely drawn to longstanding human activities.

### COUNT 1: INFRINGEMENT OF THE '706 PATENT

17. Plaintiff incorporates the above paragraphs herein by reference.

18. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '706 Patent in at least this District by making, using, offering to sell,

4

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '706 Patent also identified in the charts incorporated into this Count below (the "Exemplary '706 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '706 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

19. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '706 Patent Claims, by having its employees internally test and use these Exemplary Products.

20. Exhibit 2 includes charts comparing the Exemplary '706 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '706 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '706 Patent Claims.

21. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

22. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

23. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

    A.    A judgment that the '706 Patent is valid and enforceable

    B.    A judgment that Defendant has infringed directly one or more claims of the '706 Patent;

    C.    An accounting of all damages not presented at trial;

    D.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '706 Patent.

    E.    And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

        i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

        ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

        iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

**GAWTHROP GREENWOOD, PC**
/s/ *David deBruin*
David W. deBruin, Esq. (#4846)
3711 Kennett Pike, Suite 100
Wilmington, DE 19807
Phone: 302-777-5353
ddebruin@gawthrop.com

Dated: December 23, 2020

*Counsel for Plaintiff*
*Valyrian IP LLC*

Isaac Rabicoff, Esq.
**Rabicoff Law LLC**
(Pro Hac Vice admission pending)
5680 King Centre Dr., Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com